**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **BRYCE MARTIN AGNEW,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 12-CV-067-GKF-PJC |
| | ) |
| **TERRY MARTIN, Warden,** | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss petition for habeas corpus (Dkt. # 10). Petitioner, a state inmate appearing pro se, filed a response (Dkt. # 12) to the motion to dismiss and a supplement to the response (Dkt. # 13). Petitioner has also filed two (2) motions for ruling (Dkt. #s 15 and 19). Respondent's motion to dismiss is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the petition was not timely filed. Therefore, Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice. Petitioner's motions for ruling shall be declared moot.

### *BACKGROUND*

On February 10, 2010, in Washington County District Court, Case No. CF-2009-284, Petitioner entered a blind plea of guilty to one count of Lewd Molestation. See Dkt. # 11, Ex. 1. On May 10, 2010, he was sentenced to twenty (20) years imprisonment, with all but the first fifteen (15) years suspended, and fined $2,500. See Judgment and Sentence, Dkt. # 11, Ex. 1. Petitioner did not file a motion to withdraw plea and did not otherwise perfect an appeal to the Oklahoma Court of Criminal Appeals ("OCCA").

On March 4, 2011, Petitioner filed a request for judicial review. See Dkt. # 11, Ex. 2. That request was denied by order filed March 15, 2011. Id., Ex. 3.

On November 17, 2011, Petitioner filed an application for post-conviction relief. See Dkt. # 11, Ex. 4. By order filed November 28, 2011, the state district judge denied Petitioner's request for post-conviction relief. Id. Petitioner attempted to appeal the district judge's ruling. However, by Order filed January 3, 2012, the OCCA declined jurisdiction and dismissed the appeal, finding that Petitioner had failed to file his petition in error within thirty (30) days of district court's order denying post-conviction relief, as required by Rule 5.2(C)(2), Rules of the Oklahoma Court of Criminal Appeals. See Dkt. # 11, Ex. 5.

Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1) on February 13, 2012. Petitioner's filings are not models of clarity. However, in his petition, Petitioner identifies one claim, a challenge to the state courts' rulings "declining jurisdiction for judicial review or post-conviction relief." See Dkt. # 1. In his supporting brief (Dkt. # 2), Petitioner appears to challenge the factual basis for his conviction and asserts that, based on that argument, his requests for judicial review and for post-conviction relief should have been granted. Respondent argues that consideration of this habeas corpus petition is precluded by the one-year statute of limitations provided at 28 U.S.C. § 2244(d). See Dkt. #s 10, 11.

## *ANALYSIS*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

To the extent Petitioner challenges the validity of his conviction and sentence, entered by the state district court on May 10, 2010, his one-year limitations period began to run, under 28 U.S.C. § 2244(d)(1)(A), when his conviction became final. Because Petitioner failed to file a motion to withdraw his plea of guilty in Case No. CF-2009-284, his conviction became final ten (10) days after pronouncement of his Judgment and Sentence, or on May 20, 2010. See Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock for any claim challenging his conviction began to run on May 21, 2010. Absent a tolling event, a federal petition for writ of habeas corpus filed after May 21, 2011, would be

3

untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

On March 4, 2011, or prior to the AEDPA deadline, Petitioner filed a request for judicial review. That motion was pending until March 15, 2011, or for eleven (11) days. Therefore, if the request for judicial review served to toll the one-year limitations period under § 2244(d)(2), then Petitioner's deadline for filing a federal petition for writ of habeas corpus was extended by eleven (11) days, or until June 1, 2011. See Wall v. Kholi, 131 S. Ct. 1278 (2011) (holding that a motion to reduce sentence under Rhode Island law is an application for "collateral review" that triggers AEDPA's tolling provision provided at 28 U.S.C. § 2244(d)(2)).[1]

While Petitioner filed his motion for judicial review before the AEDPA deadline, he did not file his application for post-conviction relief until after the one-year limitations period had expired. Petitioner's application for post-conviction relief was not filed until November 17, 2011, or more than five (5) months after the June 1, 2011, deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v.

---

[1]The Court recognizes that in unpublished opinions, panels of the Tenth Circuit Court of Appeals have determined that a motion for judicial review, as provided under Oklahoma law, is not an "application for State post-conviction or other collateral review" for purposes of tolling the limitations period under 28 U.S.C. § 2244(d)(2). See, e.g., Bohon v. Oklahoma, 313 Fed. Appx. 82, 84 n.1 (10th Cir. 2008) (unpublished); Nicholson v. Higgins, 147 Fed. Appx. 7, 8 n.2 (10th Cir. 2005) (unpublished) (determining that because motions for judicial review, pursuant to Okla. Stat. tit. 22, § 982a, seek discretionary review and their denial is not appealable, they cannot be construed as applications for post-conviction relief and do not toll the limitations period under § 2244(d)(2)); see also Clemens v. Sutter, 230 Fed. Appx. 832, 834 n.1 (10th Cir. 2007) (unpublished). However, those opinions predate the United States Supreme Court ruling entered in Wall. To date, the Tenth Circuit has not addressed whether the Wall holding applies to a case involving a motion for judicial review filed pursuant to Oklahoma law. In the instant case, however, the petition is time barred even if Petitioner is credited with the time his motion for judicial review was pending.

Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001).  As a result, the post-conviction proceeding commenced by Petitioner after expiration of the limitations period did not toll the limitations period.

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling.  See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). However, to be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir.2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Nothing in the record before the Court suggests that Petitioner is entitled to equitable tolling. In response to the motion to dismiss, Petitioner argues that his habeas petition is not time barred. See Dkt. #s 12, 13.  However, the focus of his argument appears to be that he was denied a post-conviction appeal "through no fault of his own" and that he should have been granted sentence relief upon the filing of his request for judicial review. Id. As discussed above, even if credited with the time his request for judicial review was pending, this habeas petition remains time barred. In addition, Petitioner's post-conviction application was not filed until after the one-year limitations period had already expired.  Therefore, whether or not Petitioner was denied a post-conviction appeal "through no fault of his own" does not impact the timeliness of the petition for writ of habeas corpus. Petitioner also asserts that he was never informed that he had 10 days to file a motion to

5

withdraw his guilty plea and that, as a result, Rule 4.2 does not apply to him. See Dkt. # 12 at 38, 42; Dkt. # 13 at 15. However, the record belies Petitioner's assertion that he was never informed of his appeal rights. On page 10 of the "Plea of Guilty Summary of Facts" entered in Washington County District Court, Case No. CF-2009-284, Petitioner acknowledged, by signing the form, that he understood his appeal rights as detailed in the "Notice of Right to Appeal" found on the form directly above his signature. See Dkt. # 11, Ex. 1 at 10. In his response, Petitioner also cites to an alleged "conflict of interest" with the trial judge attributable to the trial judge's prior dealings with Petitioner's son and to another case involving lewd molestation heard in Washington County District Court. See Dkt. # 12 at 40-41. Neither of those arguments explains Petitioner's lack of diligence in pursuing his federal constitutional rights. In fact, Petitioner offers no explanation for his lack of diligence in pursuing any federal constitutional claim. Petitioner has not demonstrated that he pursued his claims diligently nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. As a result, Petitioner is not entitled to equitable tolling.

Lastly, on June 12, 2012, Petitioner filed a document entitled "'Brief' to supplement to supplemtal [sic] new rule of law on plea deal" (Dkt. # 14). In that document, Petitioner references Lafler v. Cooper, 566 U.S. ---, 132 S.Ct. 1376 (2012) (clarifying that the Sixth Amendment right to effective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 686 (1984), extends to the negotiation and consideration of a plea offer that has been rejected), in support of a claim that his attorney's advice to take a blind plea constituted ineffective assistance of counsel. See Dkt. # 14. Petitioner's effort to base a timely habeas claim on Lafler fails for several reasons. First, Petitioner does not contend that he rejected a plea offer and proceeded to trial based on counsel's bad advice;

6

instead he claims that he entered a blind plea based on counsel's bad advice. Thus, this case is readily distinguishable from Lafler and the holding in Lafler does not apply. Further, as three circuits have expressly found, Lafler did not announce a new rule of constitutional law and therefore cannot be said to apply "retroactively" or render timely an untimely federal habeas petition under § 2244(d)(1)(C). See In re King, --- F.3d ---, 2012 WL 4498500, at *1 (5th Cir. Aug.14, 2012) (considering application to file successive petition); Hare v. United States, 688 F.3d 878, 879 (7th Cir. 2012) (same); In re Perez, 682 F.3d 930, 932 (11th Cir. 2012) (same); see also Sakellaridis v. Warden, No. EDCV 12-00464 ODW (AN), 2012 WL 2374562, at *4 (C.D. Cal. June 22, 2012) (holding that Lafler not retroactively applicable new rule under § 2244(d)(1)(C)); Turner v. Superintendent, No. 4:12-CV-51-TLS, 2012 WL 4794449, at *4 (N.D. Ind. Oct.9, 2012) (same). The Court agrees with the rationale of those rulings and finds that Petitioner cannot use § 2244(d)(1)(C) to bring a timely habeas claim based on Lafler because Lafler did not announce a new rule of constitutional law.

### *CONCLUSION*

The Court concludes that this petition is untimely. Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

### Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional

right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action based on the statute of limitations is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 10) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. Petitioner's motions for ruling (Dkt. #s 15 and 19) are **declared moot**.

4. A separate Judgment shall be entered in this case.

5. A certificate of appealability is **denied**.

DATED THIS 27th day of November, 2012.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT